UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JB and AB, individually and as parents and next friends of GB, a minor, ) ) ) | |
| Plaintiffs ) ) | |
| v. ) ) | No. 2:13-cv-11-DBH |
| WELLS-OGUNQUIT COMMUNITY SCHOOL DISTRICT, ) ) ) ) | |
| Defendant ) | |

MEMORANDUM DECISION ON MOTION FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE

The plaintiffs in this action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, seek to add to the record additional testimony from Victoria Papageorge, either in the form of an affidavit submitted with the motion (ECF No. 12-1), or through deposition. Plaintiffs' Motion to Permit Presentation of Additional Evidence ("Motion") (ECF No. 12). I deny the motion.

The action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). The

1

plaintiffs rely on language from an early First Circuit construction of the statute, *Town of Burlington v. Department of Educ.*, 736 F.2d 773 (1st Cir. 1984), in which one of four listed possible reasons for allowing supplementation of the administrative record is "evidence concerning relevant events occurring subsequent to the administrative hearing," *id*. at 790.

As the First Circuit has clarified, a party has no absolute right to adduce additional evidence upon request:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Roland M.*, 910 F.2d at 996 (citation and internal punctuation omitted).

To the extent that "[t]he evidence the [defendant] now propose[s] to adduce sheds light on the manner in which specialized services actually have been provided to [the minor plaintiff], including the IEP [Individualized Education Program] developed for [him]," it "would be relevant, non-cumulative and helpful were the court to reach the question whether the [minor plaintiff's] placement . . . was appropriate." *C.G. and B.S. v. Five Town Community Sch. Dist.*, 436 F.Supp.2d 181, 186 (D. Me. 2006). Similarly, proposed evidence that sheds light on the appropriateness of the IEP properly at issue in light of the severity of the minor plaintiff's disabilities may also be added to the record. *Id.* It must also be borne in mind that "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying" before this court. *Town of Burlington*, 736 F.2d at 791. Such witnesses should be allowed to testify

only about post-hearing events and only if their testimony is both relevant and not cumulative. *See Mr. and Mrs. I. v. MSAD No. 55*, No. Civ.04-165-P-H, 2004 WL 2397402 (D. Me. Oct. 27, 2004), at *2.

The witness at issue here did testify at the administrative hearing. Administrative Record at 674-712. As the defendant points out, Defendant Wells' Opposition to Plaintiffs' Motion to Permit Presentation of Additional Evidence ("Opposition") (ECF No. 13) at 5-7, much of the testimony that the plaintiffs seek to present via Ms. Papageorge's affidavit addresses test results and opinions about which Ms. Papageorge testified at the hearing. *Compare* Declaration of Victoria Papageorge (ECF No. 12-1) ¶¶ 5-13 *with* Administrative Record at 675-79, 682-84, 687-89, 693-96. Of course, the testing described in the affidavit took place after the administrative proceedings in this case, but it appears to have involved the same or similar tests and the same or similar results.

The plaintiffs' reply actually enforces this impression. They assert that Ms. Papageorge's affidavit testimony "is plainly relevant to the central issue in this case and will provide a useful update to the Court on [the minor student's] progress and continued need for special education services." Reply Memorandum in Support of Plaintiffs' Motion to Permit Presentation of Additional Evidence (ECF No. 14) at 1. If the evidence of the minor student's "need for special education services" was the same at the time the affidavit was executed as it was at the time of the hearing, I do not see how the proposed testimony adds anything to the court's consideration of "the central issue in this case," which is whether the hearing officer's conclusion was erroneous.

Technically, the proposed additional testimony would be "only about post-hearing events," as *Mr. and Mrs. I* requires, but, substantively, it would add little to the evidence that the

3

court will consider in addressing this appeal.  Under these circumstances, it is well within this court's discretion to decline to add the proffered testimony to the case record, *See, e.g., Mr. & Mrs. V. v. York Sch. Dist.*, 434 F.Supp.2d 5, 13-14 (D. Me. 2006), and I will do so.

For the foregoing reasons, the plaintiffs' motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of July, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge